UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| SHANNA BYNES, *individually and on behalf of all those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> RGS FINANCIAL, INC., <br><br> *Defendant*. | § § § § § § § § § § § | Case No.: 1:22-cv-22967-BB |

**DEFENDANT RGS FINANCIAL, INC.'S FIRST AMENDED ANSWER TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant RGS Financial, Inc. ("Defendant"), by and through its undersigned counsel, and files its First Amended Answer to Plaintiff Shanna Bynes ("Plaintiff")'s Class Action Complaint as follows:

**NATURE OF ACTION**

1. Defendant denies Paragraph 1 as it is an incomplete and/or inaccurate statement of law.

2. Defendant denies Paragraph 2 as it is an incomplete and/or inaccurate statement of law.

3. Defendant denies Paragraph 3 as it is an incomplete and/or inaccurate statement of law.

4. Defendant denies Paragraph 4 as it is an incomplete and/or inaccurate statement of law.

5. Defendant admits that Plaintiff brings this action, individually and on behalf of a putative class, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Defendant denies any violation of the FDCPA. Defendant further denies that a class is appropriate for this matter.

## JURISDICTION AND VENUE

6.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

7.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, it denies the same.

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

## PARTIES

10.    Defendant admits Plaintiff is a natural person. Defendant lacks information or knowledge sufficient to admit or deny the remainder of Paragraph 10; therefore, Defendant denies the same.

11.    Defendant denies Paragraph 11.

## DEMAND FOR JURY TRIAL

12.    Defendant admits Plaintiff seeks a trial by jury.

## ALLEGATIONS

13.    Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, it denies the same.

18. Defendant denies Paragraph 18 as it is an incomplete and/or inaccurate statement of law.

19. Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

20. Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

21. Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

22. Defendant admits Paragraph 22.

23. Defendant admits Paragraph 23.

24. Defendant admits that it maintains records as required by all applicable laws.

25. Defendant admits that it maintains records as required by all applicable laws.

26. Defendant admits that it maintains records as required by all applicable laws.

27. Defendant admits that it handles all consumer documents and information as required by all applicable laws.

28. Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

29. Defendant denies Paragraph 29 as it is an incomplete and/or inaccurate statement of law.

30. Defendant asserts that Paragraph 30 speaks for itself.

31. Defendant admits that at times it acts as a debt collector, however, it lacks knowledge or information sufficient to form a belief about the truth of whether it acted as a "debt collector" as the term is defined under the FDCPA in this particular matter; therefore, it denies the same.

32. Defendant admits Paragraph 32.

33. Defendant denies Paragraph 33 as it is an incomplete and/or inaccurate statement of law.

34. Defendant denies Paragraph 34 as it is an incomplete and/or inaccurate statement of law.

35. Defendant denies Paragraph 35, and its subparts, as incomplete and/or inaccurate statements of law.

36. Defendant denies Paragraph 36 as it is an incomplete and/or inaccurate statement of law.

37. Defendant denies Paragraph 37 as it is an incomplete and/or inaccurate statement of law.

38. Defendant denies Paragraph 38 as it is an incomplete and/or inaccurate statement of law.

39. Defendant denies Paragraph 39 as it is an incomplete and/or inaccurate statement of law.

40. Defendant asserts that Paragraph 40 speaks for itself.

41. Defendant asserts that Paragraph 41 speaks for itself.

42. Defendant asserts that Paragraph 42 speaks for itself.

43. Defendant asserts that Paragraph 43 speaks for itself.

44. Defendant denies Paragraph 44 as it is an incomplete and/or inaccurate statement of law.

45. Defendant denies Paragraph 45.

## CLASS ALLEGATIONS

46. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

47. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

48. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

49. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

50. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

51. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

52. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

53. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

54. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

55. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

56. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

57. Defendant admits that Plaintiff brings this suit as a class action. Defendant denies that a class is appropriate for this matter.

## COUNT I

58. Defendant repeats the above responses as if fully set forth herein.

59. Defendant denies Paragraph 59 as it is an incomplete and/or inaccurate statement of law.

60. Defendant denies Paragraph 60 as it is an incomplete and/or inaccurate statement of law.

61. Defendant denies Paragraph 61 as it is an incomplete and/or inaccurate statement of law.

62. Defendant denies Paragraph 62.

## PRAYER FOR RELIEF

63. Defendant denies Plaintiff's Prayer for Relief and its subparts and further denies Plaintiff is entitled to any relief or damages.

## AFFIRMATIVE DEFENSES

64. Defendant states that the alleged violation of the FDCPA, if it occurred, was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Specifically, Defendant has a written policy whereby letters sent to debtors are reviewed, revised (if necessary), and approved to ensure compliance with all relevant state and federal laws, including Regulation F. During this process, if a letter contains any type of calculation, the letter is reviewed to ensure that the calculation is correct and in line with all applicable laws, again, including Regulation F.

65. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

66. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

67. Plaintiff has failed to mitigate damages, if any.

68.  Plaintiff proximately caused her own damages, if any.

WHEREFORE, PREMISES CONSIDERED, Defendant RGS Financial, Inc. respectfully requests that Plaintiff take nothing herein, that it be dismissed with its costs, and all other and further relief, at law or in equity, to which it may be justly entitled.

Dated: October 12, 2022                                Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Chelsey R. Pankratz*
CHELSEY R. PANKRATZ
FL State Bar No. 120912
Email: cpankratz@mamlaw.com
**MALONE FROST MARTIN PLLC**
301 W. Bay Street, Suite 14147
Jacksonville, FL, US 32202
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT
RGS FINANCIAL, INC***.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 12th day of October 2022.

*/s/ Chelsey R. Pankratz*
CHELSEY R. PANKRATZ